# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 30, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KEVIN WASHINGTON,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0787** (BOR Appeal No. 2049225)
            (Claim No. 2009080309)

**DYNAMIC ENERGY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin Washington, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Dynamic Energy, by Lisa W. Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 11, 2014, in which the Board affirmed a February 18, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 8, 2013, decision to deny the request for a one-time consultation with Stanley Tao, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Washington, a rock truck driver for Dynamic Energy, injured his neck, shoulders, and back on February 6, 2009, when a large load of rocks unexpectedly landed on his truck. On March 12, 2009, the claims administrator held the claim compensable for a neck and shoulder strain. On March 18, 2009, Roger Baisas, M.D., Mr. Washington's treating physician, noted that Mr. Washington was seen with complaints of continued neck pain following a rock truck accident. He diagnosed cervical radiculitis, lumbosacral radiculitis, shoulder and upper arm injury, and headache. Dr. Baisas opined that Mr. Washington could continue to work full time

1

without restrictions. On April 1, 2009, Dr. Baisas stated that Mr. Washington's pain had grown worse, in his lower back, right shoulder, and neck. A request was made for an MRI without contrast of the cervical and lumbar spine. Dr. Baisas also noted that Mr. Washington was starting a nine session course of physical therapy. Mr. Washington continued to see Dr. Baisas through October of 2009 for similar complaints of pain in the back of the neck and shoulders.

On July 28, 2009, Mr. Washington sought treatment at the emergency room at Logan Regional Medical Center. Mr. Washington indicated he was experiencing neck pain radiating to the right shoulder and low back pain radiating to both legs. Mr. Washington stated that he was released back to work the prior night and denied any further injury. On January 6, 2010, Mr. Washington treated with Anbu K. Nadar, M.D. Dr. Nadar opined that Mr. Washington will be unable to return to his former employment and may have to consider an alternate vocation. On July 13, 2010, Mr. Washington reported to Bruce Guberman, M.D., for an independent medical evaluation. Dr. Guberman found that Mr. Washington was at his maximum degree of medical improvement and required no further treatment.

On April 4, 2012, medical records from Logan Regional Medical Center were made available. The records indicated that Mr. Washington was seen for pain in the neck and right shoulder. He also had complaints of decreased range of motion and pain that was chronic in the right shoulder. The symptoms were noted to have occurred gradually and were aggravated by lifting and rotation of the arm. The records also indicated that Mr. Washington had been recently seen by an orthopedic surgeon and a MRI was performed. Mr. Washington was discharged home. The impression was joint pain of the shoulder. An x-ray report from Logan Regional Medical Center was unremarkable. On April 29, 2012, Mr. Washington underwent an MRI of the cervical spine. It showed disc protrusions at C3-4 and C5-6. There was also narrowing of the neural foramina at C5-6 bilaterally and on the left at C3-4.

In a report dated April 23, 2013, A. E. Landis, M.D., performed an independent medical evaluation of Mr. Washington. Dr. Landis reviewed his previous report dated April 12, 2010, at which time his impairment rating was 5% for the cervical spine and 5% for the lumbar spine. Dr. Landis found a strain type of injury to his cervical and lumbar spine as a result of the work related incident. The injury to his cervical spine was superimposed on some pre-existing degenerative disc disease demonstrated on prior MRI scans. He noted that the cervical spine symptoms were obviously related to pre-existing degenerative arthritis and tendinitis, which was totally unrelated to the injury in this claim. Dr. Landis opined that Mr. Washington had reached his maximum degree of medical improvement long ago from this injury to his neck and back. On June 28, 2013, Mr. Washington's counsel requested a one-time consultation with Stanley Tao, M.D., to determine whether Dr. Tao would become Mr. Washington's treating physician in this claim. The request was denied by the claims administrator on July 8, 2013, because Dr. Landis's independent medical evaluation determined he was at his maximum degree of medical improvement.

On July 30, 2013, Mr. Washington underwent an MRI of the shoulder, which showed small low grade partial thickness supraspinatus and infraspinatus tears. The MRI revealed edema signal within the supraspinatus, infraspinatus, and trapezius muscles, which could be related to a

strain. Alternatively, the edema signal could be neurogenic. In progress notes dated August 20, 2013, Mr. Washington was seen by Dr. Tao for follow-up for his right shoulder. Dr. Tao noted complaints about the shoulder since his truck accident in 2009. Dr. Tao's diagnoses were rotator cuff sprain, tear, and impingement syndrome.

The Office of Judges determined that Mr. Washington should not receive medical authorization for a one time consultation with Dr. Tao, because it was not medically related and reasonably required to treat his compensable injury. The Office of Judges noted that the right shoulder condition for which Mr. Washington was seeking treatment from Dr. Tao has not been found to be compensable. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the decisions of the Office of Judges and Board of Review. Mr. Washington was determined to be at his maximum degree of medical improvement by both Dr. Guberman and Dr. Landis. The reports of Dr. Guberman and Dr. Landis are consistent and persuasive. Dr. Tao examined Mr. Washington and diagnosed a rotator cuff tear, sprain, and impingement syndrome. Because the rotator cuff tear and impingement syndrome are not compensable diagnoses and Mr. Washington was at his maximum degree of medical improvement in regard to the shoulder sprain, it was correct for the Office of Judges and Board of Review to deny authorization for the consultation with Dr. Tao.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 30, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum